UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

**UNITED STATES OF AMERICA**       **CASE NO. 6:02-CR-60036-01**

**VERSUS**                          **JUDGE MELANCON**

**LERON MICHAEL ALEXANDER (01)**   **MAGISTRATE JUDGE METHVIN**

O R D E R

Now before this Court is the government's recent "Motion to Authorize Payment from Inmate Trust Account" seeking garnishment of defendant Leron Michael Alexander ("Alexander" or "Defendant")'s inmate trust account in partial satisfaction of his judgment of criminal restitution in this case. (Rec. Doc. 117). For the reasons expressed below, the motion will be DENIED in part and GRANTED in part.

Defendant was convicted of armed bank robbery and sentenced to a term of imprisonment resulting in an estimated release date from incarceration in 2090. Defendant was ordered to pay a special assessment in the amount of $800 and restitution to J.P. Morgan Bank in the amount of $60,538.98. (Rec. Doc. 105).

The government's motion asserts that Alexander's inmate trust account contained a balance of approximately $1894.68 as of the date of filing. (Rec. Doc. 117 at p. 2). Citing the Mandatory Victims Restitution Act ("MVRA"), 18 U.S.C. § 3664, the government argues that Alexander failed to fulfill his obligation under

1

subsection (n), which requires that he apply the value of any "substantial resource" received "from any source" to outstanding restitution owed while he is incarcerated.

In response, Defendant filed a motion to stay the government's seizure of funds from his trust account. (Rec. Doc. 118). Defendant points out that, in addition to the funds at issue in the government's motion, additional funds in the amount of $2000 were also deposited by the Internal Revenue Service in two (2) payments as a part of the pandemic-related economic stimulus initiatives. Defendant asserts that he will voluntarily allow the government to withdraw the $2000 stimulus money deposited by the IRS into his inmate account, but seeks to retain the remainder of funds, as those are funds accrued by him as a result of family member deposits into his account, used for food, toiletries and other necessities. (*Id.* at p. 1). Defendant informs the court that his inmate trust account is now frozen, denying him access to these funds for all purposes. Defendant seeks access to his trust account. Defendant's motion will be GRANTED in part.

The government is correct that the MVRA grants the government authority to collect restitution from inmate trust accounts. Given the lengthy sentence imposed upon Alexander and the government's failure to demonstrate the frequency with which Alexander's account is credited with additional funds (outside of the stimulus funds), this Court is not prepared to say that the $1894.68 constitutes as "substantial sum" in the context of his lengthy sentence. Moreover,

the records produced of Defendant's expenditures show that these funds are used for reasonable necessities, including food, toiletries and other basic supplies. This Court, although aware of cases such as *United States v. Rand*, 924 F.23d 140 (5th Cir. 2019) and other similar findings in which the appellate court affirms the seizure an inmates entire inmate trust account, declines to reach such a result which would leave an incarcerated defendant penniless when alternatives exist to enable the government to recoup some restitution on behalf of the victim while still allowing the Defendant to support his own basic needs. This Court is particularly compelled in this result here, where the contemplated sentence will continue for many decades to come.

    Based on the foregoing, it is hereby

    ORDERED that the government's instant motion (Rec. Doc. 117) is DENIED in part and GRANTED in part, such that it is ORDERED that the Bureau of Prisons is to turn over to the Clerk of Court funds in the amount of TWO THOUSAND DOLLARS AND NO CENTS held in the inmate trust account of LERON MICHAEL ALEXANDER (ACCOUNT NO. 14392179) constituting partial payment of restitution for criminal monetary penalties in this criminal action, previously imposed. The Clerk of Court shall accept the funds transmitted by the Bureau of Prisons as described above and shall apply such funds as payment

toward the monetary penalties owed by Defendant LERON MICHAEL ALEXANDER in this criminal action.  It is further

ORDERED that Defendant's motion to have freeze lifted from his inmate trust accounts lifted (Rec. Doc. 118) is GRANTED in part, such that Defendant shall immediately be given access to the balance of his account representing the amount remaining after $2000, to be turned over to the government as described above, is deducted.

DONE AND SIGNED this 20th day of MAY, 2021 at Lafayette, Louisiana.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE